UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
KEREN SOLOMONS
on behalf of herself and
all other similarly situated consumers

                                  Plaintiff,

           -against-


NORTHLAND GROUP INC.

                                  Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Keren Solomons seeks redress for the illegal practices of Northland Group Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Edina, Minnesota.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Keren Solomons*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about October 14, 2013, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said October 14, 2013 collection letter was received by the Plaintiff in an envelope which contained a glassine window.

12. Through the window of the envelope, was visible the consumer's account number assigned by the Defendant, beside the Plaintiff's name and address.

13. Section 1692f of the FDCPA states:

    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

14. The account number, which appeared through the glassine window and was able to be viewed by any person handling the mail, constitutes an invasion of privacy; as it reveals to the person who sees it, a core piece of information pertaining to the Plaintiff's status as a debtor.

15. The account number, when disclosed to the public eye, exposes the consumer's financial quandary.

    Douglass v. Convergent Outsourcing, 13-3588, 2014 WL 4235570 (3d Cir. Aug. 28, 2014). (Because Convergent's disclosure implicated core privacy concerns, it cannot be deemed benign…Convergent insists that Douglass's account number is a meaningless string of numbers and letters, and its disclosure has not harmed and could not possibly harm Douglass. But the account number is not meaningless—it is a piece of information capable of identifying Douglass as a debtor.)

16. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to the Plaintiff.

17. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

18. The said letter is a standardized form letter.

19. Defendant's October 14, 2013 letter is in violation of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending envelopes to consumers, which reveal information, other than the Defendant's name and/or address.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

20. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through nineteen (19) as if set forth fully in this cause of action.

21. This cause of action is brought on behalf of Plaintiff and the members of a class.

22. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about October 14, 2013; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Capital One Bank (USA, N.A.; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending envelopes to consumers, which reveal information, other than the Defendant's name and/or address.

23. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

24. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

25. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

27. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

28. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September 23, 2014

\_\_\_\_\_/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

\_\_\_\_\_/s/ Adam J. Fishbein\_\_\_\_
Adam J. Fishbein (AF-9508)

**Northland Group Inc.**

866-611-1008
For Hours of Operation, please visit us at:
www.payments2northland.com

October 14, 2013

P.O. Box 390846
Minneapolis, MN 55439
Mail Code CPT1

**ACCOUNT INFORMATION**
**Client:** Capital One Bank (USA), N.A.
**Original Account #:** ###########7218
**PAYMENT ADDRESS**
P.O. Box 390846, Minneapolis, MN 55439
**NORTHLAND ACCOUNT NUMBER**
F95308647
**CURRENT BALANCE:**
$752.59
**Settlement: $376.32**

Keren Solomons  (F95308647-10/14x235)
312 Avenue N
Brooklyn, NY  11230-5511

# YOU HAVE OPTIONS!

Despite many opportunities to resolve this matter, this account remains unpaid. To assist you in clearing this debt, we are offering you options; however, the options listed below are not your only options.

**Option 1 (3-pay settlement):** This option allows you to settle your account for $376.32 in 3 payments of $125.44 in order to clear this debt. Your first payment is due on 11/4/2013. The payments can be no more than 30 days apart. We are not obligated to renew this offer. For your convenience, payment coupons are attached at the bottom of this letter. Upon receipt and clearance of all three payments, a letter will be sent confirming the above referenced account has been resolved.

**Option 2 (Monthly payments on Balance):** If you are not in a position to take advantage of a settlement offer at this time, we are willing to accept monthly payments of $50 to be applied towards the balance on your account. We are not obligated to renew this offer. If you wish to take advantage of this option, please send your payments to the above address, and be sure to reference your Northland Account number on your payment. Upon receipt of your first payment, we will send you payment coupons for your future monthly payments. Once you are in a position to offer a settlement, please contact us.

This collection agency's New York City Department of Consumer Affairs License number is 1283580.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.
This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.
**This collection agency is licensed by the Minnesota Department of Commerce.**

 **Pay Online:** www.payments2northland.com

 **Pay by Phone:** Please call Northland Group, Inc. toll-free at 866-611-1008. We offer check by phone, Western Union, and debit card.

 **Pay by Mail:** Send payments to PO Box 390846, Minneapolis, MN 55439.

M235-235 P2214/1015_4

**1 of 3**
**Northland Account #: F95308647**
Client Code: CAPS
Original Account #: ###########7218
Mail Payment to:
  Northland Group, Inc.
  P.O. Box 390846
  Minneapolis, MN 55439
Or pay online at:
**payments2northland.com**
**PAYMENT AMOUNT: $125.44**
Due Date: 11/04/13

Detach coupon and mail with payment

**2 of 3**
**Northland Account #: F95308647**
Client Code: CAPS
Original Account #: ###########7218
Mail Payment to:
  Northland Group, Inc.
  P.O. Box 390846
  Minneapolis, MN 55439
Or pay online at:
**payments2northland.com**
**PAYMENT AMOUNT: $125.44**
Due Date: 30 days from 1st payment

Detach coupon and mail with payment

**3 of 3**
**Northland Account #: F95308647**
Client Code: CAPS
Original Account #: ###########7218
Mail Payment to:
  Northland Group, Inc.
  P.O. Box 390846
  Minneapolis, MN 55439
Or pay online at:
**payments2northland.com**
**PAYMENT AMOUNT: $125.44**
Due Date: 30 days from 2nd payment

Detach coupon and mail with payment